IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DUKE ENERGY FIELD SERVICES, L.P.,**
a Delaware Limited Partnership,

    **Plaintiff,**

vs.                                                                         Civ. No. 05cv1342 WFD/RLP

**GANDY CORPORATION,**
a New Mexico Corporation,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR PROTECTIVE ORDER AND
## COMPELLING SUPPLEMENTAL ANSWERS TO INTERROGATORIES

This matter comes before the Court on the Motion of Plaintiff Duke Energy Field Services, L.P., ["DEFS" herein] for Protective Order [Docket No. 39].

DEFS sued Defendant, Gandy Corporation ["Gandy" herein] alleging that Gandy overcharged DEFS over a period of years by submitting invoices to DEFS which overstated the number of hours worked by Gandy personnel. Gandy served Interrogatories on DEFS, asking it to:

- ?     Identify all transactions DEFS claims it overpaid [Interrogatory No. 8];

- ?     Identify for each such transaction whether it was performed based on an hourly form of charge, a bid process or a contractual minimum [Interrogatory No. 9];

- •     Identify all services for which DEFS was billed but claims it did not receive [Interrogatory No. 10];

- •     Identify any service billed by Gandy since June 1, 2005, which DEFS contends was not performed, and identify the facts which support that contention [Interrogatory No. 20], and

- •     Identify the basis of the dispute over any invoice submitted by Gandy Since June 1, 2005. [Interrogatory No. 21].

DEFS answered stating that Gandy had overcharged for its services by inflating the number

of hours it billed. DEFS identified the contracts between it and Gandy, as well as four categories of Gandy's own business records[1], citing to the discrepancy between the number of hours stated on the Narrative Portion of Drivers Duty Status Records and Truck Tickets, which exceeded the number of hours reflected on the Duty Status Portion of the Drivers Duty Status Records. DEFS then stated that answers to the interrogatories could be derived or ascertained from these records, and provided electronic copies of the business records for Gandy to utilize in deriving or ascertaining the specific answers to the interrogatories. DEFS also indicated that it reserved the right to supplement its answers.

Gandy complained about these answers seventy-eight days after they were served, advising DEFS that it intended to file a motion to compel.[2] DEFS filed this Motion seeking a Protective Order prohibiting Gandy from requiring it to provide additional or further answers to these interrogatories. In its Response, Gandy seeks an Order requiring DEFS to supplement its Interrogatory Answers, answering them fully.

DEFS relies on Fed.R.Civ.P. 33(d) in support of its Motion for Protective Order. This reliance is misplaced. Rule 33 (d) applies only "Where the answer to an interrogatory may be derived or ascertained ***from the business records of the party upon whom the interrogatory has been served. . .***" (emphasis added). *Hoffman v. United Telecommunications, Inc.*, 11 FRD 436 (D. Kan. 1987) (Documents submitted by defendant employer to EEOC in investigation of charges of employment discrimination did not become business records of EEOC for purposes of rule allowing

---

[1] Drivers Duty Status Reports, Truck Tickets and Invoiced, Gandy Vendor Report and Gandy Rate Sheets.

[2] Gandy states that this delay was due to its good faith belief that the Expert Witness Report submitted by DEFS would identify the specific transactions at issue.

a party to produce its own business records in lieu of an interrogatory answer); *see also* 8A Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2nd* §2178.

DEFS conducted a random sampling of Gandy's business records, which it contends reveals that Gandy routinely overcharged it by 22%. [Docket No. 39, p. 3, ¶10]. Gandy contends that the records don't tell the whole story, and wants to defend each transaction for which an overcharge is claimed. I find that Gandy is entitled to this information.

**It is hereby Ordered** that DEFS' Motion for Protective Order is denied.

**It is further Ordered** that DEFS shall supplement its answers to Interrogatories No. 8, 9, 10, 20 and 21, providing the specific information sought therein.

**It is further Ordered** that DEFS shall provide these supplemental answers on or before November 24, 2007.

Richard L. Puglisi
United States Magistrate Judge