**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DUKE ENERGY FIELD SERVICES, L.P.,

    Plaintiff,

v.                                                                                                          CV 05-1342 WPL/RLP

GANDY CORPORATION,

    Defendant,

consolidated with

GANDY CORPORATION,

    Plaintiff,

v.                                                                                                          CV 06-0318 WPL/CEG

DUKE ENERGY FIELD SERVICES, L.P.,
AND ALL UNKNOWN CLAIMANTS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
GANDY CORPORATION'S FIRST MOTION FOR SUMMARY JUDGMENT**

    In these consolidated cases, Duke Energy Field Services has sued Gandy Corporation for breach of contract, fraud, and violations of the New Mexico Unfair Practices Act, while Gandy has sued Duke Energy for debt and money due and to foreclose oil and gas liens.[1] Gandy has filed its First Motion for Summary Judgment, contending that it is entitled to summary judgment on all claims asserted by Duke Energy. (Doc. 51.) This Order will grant in part and deny in part Gandy's Motion.

    Duke Energy operates a natural gas gathering and transportation system that includes facilities

---

[1] Gandy's claims against Patrick H. Lyons, Commissioner of Public Lands, were dismissed earlier. (CV 06-0318, Doc. 21.)

in southeast New Mexico. Gandy provided services to Duke Energy and to its predecessor in interest, GPM Gas Corporation, under Master Service Agreements (MSAs) executed in 1994 and 2004.[2] In 2005 Duke Energy began to examine the invoices it had received from Gandy for slop oil hauling services. Although Duke Energy had previously approved the invoices submitted by Gandy, Duke Energy became concerned that it had been overcharged by Gandy. Although Duke Energy and Gandy personnel met in October or November of 2005 to try to resolve this issue, they were unable to do so.

The 1994 and 2004 MSAs comprehensively define the relations between the parties. Paragraph 6 of the MSAs sets out the procedure for Gandy to present invoices and for Duke Energy to review the invoices and pay them.[3] The parties focus most of their attention on Paragraphs 6(a) - (c), which specify how Gandy must submit its invoices, when Duke Energy must pay the invoices, and which allow Duke Energy to dispute any invoice in whole or in part. If Duke Energy disputes an invoice, it must notify Gandy of the dispute, pay the undisputed part of the invoice, and the parties are required to attempt to resolve the disputed amount. Paragraph 6(d) allows Duke Energy to set off against payments due Gandy "any amount due and owing" to Duke Energy from Gandy "for any reason."

Gandy argues that it is entitled to summary judgment on the breach of contract claim because Duke Energy has breached the MSAs by refusing to identify specific invoices it disputes and refusing to attempt to resolve the billing dispute with Gandy. Duke Energy claims that it has properly invoked

---

[2] Since Duke Energy is the successor to GPM Gas Corporation, both companies will be referred to as Duke Energy.

[3] While there are minor differences between Paragraph 6 in the 1994 and 2004 MSAs, the parties agree that the differences are not material to resolution of Gandy's Motion. (Doc. 67 at 2; Doc. 80 at 1-2.)

its right to set off under Paragraph 6(d), and that Gandy's breach of the contracts releases Duke Energy from performing its remaining obligations under the contracts.

The function of the court in a breach of contract case is to interpret and enforce the contract made by the parties. *Rhodes v. Martinez*, 925 P.2d 1202, 1204 (N.M. Ct. App. 1996), *overruled on other grounds by Cherpelis v. Cherpelis*, 959 P.3d 973 (N.M. Ct. App. 1998). A contract which is not unconscionable or otherwise unenforceable will be enforced by the court as written. *Springer Group, Inc. v. Wittelsohn*, 988 P.2d 1260, 1265 (N.M. Ct. App. 1999). Absent an ambiguity in the contract, the court may not alter the parties' contract and may not fabricate a new agreement for the parties. *Rhodes*, 925 P.2d at 1204.

Neither party has addressed the provision that governs resolution of this issue. Paragraph 6(f) provides that payment of invoices by Duke Energy does not prevent Duke Energy from filing a claim against Gandy or from recovering from Gandy any sum that may have been improperly paid to Gandy. Paragraph 6(c) allows Duke Energy to dispute an invoice before it pays the invoice, to withhold payment of the disputed portion of the invoice, and requires the parties to attempt to resolve the disputed and unpaid portion of the invoice promptly. In contrast, Paragraph 6(f) allows Duke Energy to attempt to recover any payments already made to Gandy, and does not require the parties to attempt to resolve the dispute before suit is filed. Because I may not alter the contract to require the parties to attempt to resolve a dispute concerning amounts already paid to Gandy, Gandy has failed to establish that it is entitled to summary judgment on Duke Energy's breach of contract claim.

Gandy argues that it is entitled to summary judgment on Duke Energy's fraud claim because Duke Energy has not established the essential elements of the claim. To recover against Gandy for fraud under New Mexico, Colorado or Oklahoma law, Duke Energy must establish by clear and

convincing evidence that: (1) a representation was made as a statement of fact, (2) the representation was untrue and known to be untrue by the party making it or was recklessly made, (3) the representation was made with intent to deceive and for the purpose of inducing the other party to act upon the misrepresentation, and (4) the other party relied upon the representation and was induced thereby to act to the party's damage. *Kaveny v. MDA Enters.*, 120 P.3d 854, 856 (N.M. Ct. App. 2005); *accord Nelson v. Gas Research Inst.*, 121 P.3d 340, 343 (Colo. Ct. App. 2005); *Bourke v. Western Bus. Prods., Inc.*, 120 P.3d 876, 886 (Okla. Civ. App. 2005). Fraud may be proven by circumstantial evidence. *Meiboom v. Carmody*, 82 P.3d 66, 70 (N.M. Ct. App. 2003); *accord Wisehart v. Zions Bancorporation*, 49 P.3d 1200, 1206 (Colo. Ct. App. 2002); *Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 177 (Okla. 1988).

The MSAs require Gandy to bill for the hours worked by its employees. *See* Exhibit A, Rate Sheet, to 2004 MSA. Duke Energy has developed evidence that shows that (1) Gandy did not bill for the hours worked by its employees, but instead billed Duke Energy by averaging the hours worked or by a "flat rate," (2) Gandy was aware that the bills did not accurately reflect the number of hours worked by Gandy personnel, (3) Gandy submitted the "flat rate" invoices to Duke Energy in order to receive payment on those invoices, and (4) Duke Energy relied upon and paid these invoices for many years. These fact issues preclude summary judgment for Gandy on Duke Energy's claim for fraud.

Finally, Gandy claims that it is entitled to summary judgment on Duke Energy's claims under the New Mexico Unfair Practices Act. I have allowed Gandy's Motion to modify the Initial Pretrial Report to withdraw the stipulation that New Mexico law governs this case. (Doc. 90.) The parties agreed that Oklahoma law would govern the 1994 MSA, while Colorado law governs the 2004 MSA.

4

New Mexico courts will enforce a contractual choice of law provision applying the law of another state unless application of the foreign law would offend New Mexico public policy. *Piña v. Gruy Petroleum Mgmt. Co.*, 136 P.3d 1029, 1032 (N.M. Ct. App. 2006). This public policy exception should be applied only in extremely limited circumstances, when giving effect to another state's policies would "violate some fundamental principle of justice, some prevalent conception of good morals, [or] some deep-rooted tradition of the common weal" of New Mexico. *Id.* (internal quotation marks and citation omitted). Duke Energy does not even attempt to argue that applying the law of Oklahoma and Colorado will offend New Mexico public policy. Gandy is entitled to summary judgment on this claim.

Accordingly, Gandy's motion for summary judgment on Duke Energy's claims for breach of contract and fraud is denied, while Gandy's motion for summary judgment on Duke Energy's claims for violations of the New Mexico Unfair Practices Act is granted.

IT IS SO ORDERED.

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

5